## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CATHY CANTRELL**, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Case Number:  3:19-cv-279 |
| | ) | |
| **THILLENS, INC.** | ) | **PLAINTIFF DEMANDS TRIAL** |
| Serve: | ) | **BY JURY** |
| Richard M. Colombik, Registered Agent | ) | |
| 1000 E. Woodfield Road, Suite 233 | ) | |
| Schaumburg, IL 60173 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **DEMOND A. HUNT, JR.,** | ) | |
| Serve: | ) | |
| 50 Lauralee Drive | ) | |
| Cahokia, IL 62206 | ) | |

### COMPLAINT
### (Motor Vehicle Collision-Personal Injury)

### COUNT I

COMES NOW Plaintiff, Cathy Cantrell, and for her cause of action against

Demond A. Hunt, Jr., under Count I hereof, states as follows:

1.  Jurisdiction in this Court is proper pursuant to U.S.Code 28, Section 1332(a)

since complete diversity exists and the amount in controversy exceeds Seventy-Five

Thousand and 00/100 Dollars ($75,000.00).

2.  At all relevant times hereinmentioned, Plaintiff was and is a resident of

Missouri.  Defendant, Demond A. Hunt, Jr., was and is a citizen of Illinois and

Defendant Thillens, Inc., was and is a corporation in good standing, incorporated in the

state of Illinois.  Defendant's act of negligence occurred in Bond County, Illinois, therefore jurisdiction is proper in this Court.

3.  On March 14, 2017, Defendant Demond A. Hunt, Jr. was an agent, representative and employee of Defendant, Thillens, Inc., and was acting within the course and scope of his employment as a professional driver, when he ran a stop sign at a high rate of speed and caused the commercial van he was operating to collide with Plaintiff's Honda Accord.

4.  That at all times hereinmentioned, Plaintiff was exercising due care and caution for her own safety.

5.  That currently, and on March 14, 2017, westbound traffic on US Route 40 was required to stop at a stop sign before entering the intersection of US Route 40 and Millersburg Road, and northbound traffic on Millersburg road had the right-of-way at said intersection.

6.  On or about March 14, 2017, Plaintiff was operating a 2001 Honda Accord in a Northbound direction on Millersburg Road where Millersburg Road intersects with US Route 40 in Bond County, Illinois.  At said time and place, Defendant Demond A. Hunt, Jr., was operating a Nissan 2500 commercial van in a westwardly direction on US Route 40 where said road intersects with Millersburg Road and Defendant, Demond A. Hunt, Jr., failed to stop thereby running the stop sign at the intersection of US Route 40 and Millersburg Road, thereby causing the front of the Nissan 2500 commercial van to collide with the passenger side of Plaintiff's Honda Accord.  Whereby, Plaintiff was caused to sustain the hereinafter mentioned injuries and damages, all due as a direct and proximate result of the negligence of Defendants.

2

7.  That pursuant to the Illinois state highway patrol's accident investigation and reconstruction, the information downloaded from the "black box" contained in Defendant's Nissan 2500 van, indicates that Defendant, Demond A. Hunt, Jr., was accelerating at the time his vehicle struck the vehicle driven by Cathy Cantrell and Defendant, Demond A. Hunt, Jr., did not apply his brakes at any time in the five seconds prior to the collision with the vehicle driven by Cathy Cantrell.

8.  That Plaintiff's hereinafter stated injuries and damages were due as a direct and proximate result of the negligence of Defendant, Demond A. Hunt, Jr., in the following particulars:

    a)  Defendant, Demond A. Hunt, Jr., failed to stop at the stop sign controlling the intersection of Millersburg Road and US Route 40;

    b)  Defendant, Demond A. Hunt, Jr., failed to yield the right-of-way to Cathy Cantrell, and

    c)  Defendant, Demond A. Hunt, Jr., failed to keep a careful lookout.

9.  At the time of the collision in question, Demond A. Hunt, Jr. was under the influence and impaired by THC.

10.  As a direct and proximate result of the aforesaid negligence of Defendant, Demond A. Hunt, Jr., Plaintiff was caused to sustain the following injuries and damages: concussion, post-concussion syndrome, traumatic brain injury, collapsed lung, massive violent trauma to her body as a whole, comminuted fractures to ribs 4,5,6 and 7 that required surgical plating, permanent damage to the cartilage and connective tissue of her ribs, comminuted fractures of her pelvis and superior and inferior pubic ramis, fractures to her sacral levels at S1 and S2, neuroforaminal fractures, avulsion fracture of her iliac crest at the sartorius muscle, right hip labral injury, right knee internal

derangement and meniscus tear, fractured right ankle, depression, anxiety, post-traumatic stress syndrome, traumatic aortic injury, celiac artery injury and occlusion, spleen injury, internal derangement to her right shoulder, peripheral neuropathy in her right lower extremity, cervical strain/sprain, lumbar sprain/strain and aggravation of spondylosis, multiple surgeries to attempt to improve multiple fractures and orthopedic injuries, and heart catheterization procedure.  Plaintiff has incurred reasonable and necessary medical expenses of approximately $500,000.00 and Plaintiff will incur future medical expenses and expenses for life care, all of Plaintiff's injuries are permanent and progressive.  Plaintiff has suffered much pain of body and anguish of mind.  Plaintiff has lost her ability to return to her previous profession and lost her ability to work in general, thereby losing a large uncalculated sum of earnings, wages and benefits.  Plaintiff's ability to pursue recreational activities and to enjoy life in general have all be permanently impaired, lessened and restricted, all to Plaintiff's damages.

WHEREFORE, under Count I hereof, Plaintiff prays this Court for judgment against Defendant, Demond A. Hunt, Jr., in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00), together with her costs herein expended.

## <u>COUNT II</u>

COMES NOW Plaintiff,  Cathy Cantrell, and for her cause of action against Defendant Thillens, Inc., under Count II hereof, states as follows:

1.  Plaintiff incorporates by reference and adoption, all of the allegations, where relevant, contained in Count I of this Complaint as if repeated herein verbatim.

2.  That at all relevant times hereinmentioned, Defendant Thillens, Inc., was and

4

is a corporation in good standing, incorporated in the state of Illinois and conducting a
majority of its business in Illinois.

3.   On March 14, 2017, Defendant Demond A. Hunt, Jr. was an agent,
representative and employee of Defendant, Thillens, Inc., and was acting within the
course and scope of his employment as a professional driver, when he ran a stop sign
at a high rate of speed and caused the commercial van he was operating to collide with
Plaintiff's Honda Accord.

4.   That at all times hereinmentioned, Plaintiff was exercising due care and
caution for her own safety.

5.   That currently, and on March 14, 2017, westbound traffic on US Route 40
was required to stop at a stop sign before entering the intersection of US Route 40 and
Millersburg Road, and northbound traffic on Millersburg Road had the right-of-way at
said intersection.

6.   On or about March 14, 2017, Plaintiff was operating a 2001 Honda Accord in
a northbound direction on Millersburg Road where Millersburg Road intersects with US
Route 40 in Bond County, Illinois.  At said time and place, Defendant, Demond A. Hunt,
Jr., was operating a Nissan 2500 commercial van in a westwardly direction on US
Route 40 where said road intersects with Millersburg Road and Defendant, Demond A.
Hunt, Jr., failed to stop thereby running the stop sign at the intersection of US Route 40
and Millersburg Road, thereby causing the front of the Nissan 2500 commercial van to
collide with the passenger side of Plaintiff's Honda Accord.  Whereby, Plaintiff was
caused to sustain the hereinafter mentioned injuries and damages, all due as a direct
and proximate result of the negligence of Defendants.

7.   That pursuant to the Illinois state highway patrol's accident investigation and reconstruction, the information downloaded from the "black box" contained in defendant's Nissan 2500 van, indicates that Defendant, Demond A. Hunt, Jr., was accelerating at the time his vehicle struck the vehicle driven by Cathy Cantrell, and Defendant, Demond A. Hunt, Jr., did not apply his brakes at any time in the five seconds prior to the collision with the vehicle driven by Cathy Cantrell.

8.   That Plaintiff's hereinafter stated injuries and damages were due as a direct and proximate result of the negligence of Defendant, Thillens, Inc., by and through Defendant, Demond A. Hunt, Jr., in the following particulars:

      a) Defendant, Thillens, Inc., by and through its agent, representative and employee, Demond A. Hunt, Jr., failed to stop at the stop sign controlling the intersection of US Route 40 and Millersburg Road;

      b) Defendant, Thillens, Inc., by and through its agent, representative, and employee, Demond A. Hunt, Jr., failed to yield the right-of-way to the vehicle occupied by Cathy Cantrell; and

      c) Defendant Thillens, Inc., by and through its agent, representative and employee, Demond A. Hunt, Jr., failed to keep a careful look out.

9.   At the time of the collision in question, Demond A. Hunt, Jr. was under the influence and impaired by THC.

10. As a direct and proximate result of the aforesaid negligence of Defendant, Thillens, Inc., by and through Defendant, Demond A. Hunt, Jr., Plaintiff was caused to sustain the following injuries and damages:  concussion, post-concussion syndrome, traumatic brain injury, collapsed lung, massive violent trauma to her body as a whole, comminuted fractures to ribs 4,5,6 and 7 that required surgical plating, permanent damage to the cartilage and connective tissue of her ribs, comminuted fractures of her pelvis and superior and inferior pubic ramis, fractures to her sacral levels at S1 and S2,

neuroforaminal fractures, avulsion fracture of her iliac crest at the sartorius muscle, right hip labral injury, right knee internal derangement and meniscus tear, fractured right ankle, depression, anxiety, post-traumatic stress syndrome, traumatic aortic injury, celiac artery injury and occlusion, spleen injury, internal derangement to her right shoulder, peripheral neuropathy in her right lower extremity, cervical strain/sprain, lumbar sprain/strain and aggravation of spondylosis, multiple surgeries to attempt to improve multiple fractures and orthopedic injuries,  and heart catheterization procedure. Plaintiff has incurred reasonable and necessary medical expenses of approximately $500,000.00 and Plaintiff will incur future medical expenses and expenses for life care, all of Plaintiff's injuries are permanent and progressive.  Plaintiff has suffered much pain of body and anguish of mind.  Plaintiff has lost her ability to return to her previous profession and lost her ability to work in general, thereby losing a large uncalculated sum of earnings, wages and benefits.  Plaintiff's ability to pursue recreational activities and to enjoy life in general have all be permanently impaired, lessened and restricted, all to Plaintiff's damages.

WHEREFORE, under Count II hereof, Plaintiff prays this Court for judgment against Defendant, Thillens, Inc., in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00), together with her costs herein expended.

Respectfully submitted,

**THE FLOYD LAW FIRM, P.C.**

/s/  Mark L. Floyd
Mark L. Floyd, #6217461
8151 Clayton Rd., Suite 202
St. Louis, MO 63117
(314) 863-4114
(314) 863-4150 fax
mark@thefloydlawfirm.com
**ATTORNEY FOR PLAINTIFF**